STOWERS, Justice,
dissenting.
I respectfully dissent from the court's opinion. The court concludes that Alaska's *928 savings statute, AS 09.10.240, does not require timely notice of the initial complaint to be served on the defendant. I believe that timely notice is required, and I would affirm the superior court's grant of summary judgment for the reasons that follow.
The court correctly observes that other courts have determined that "[blecause a savings statute represents an exception to statutes of limitation, ... a key to determining whether a subsequent action is saved is whether by invoking judicial aid in the original action, a litigant has given timely notice to his adversary of a present purpose to maintain his rights before the courts."[1] The court also cites to Professor Ferguson's The Statutes of Limitation Saving Statutes[2] which explains that "courts in applying the saving statute should do so in accordance with the basic purpose of the statutes of limitations" and "[the saving statute is a part of the law of limitations of action and, therefore, should be construed and applied in accordance with the primary policy of the statutes of limitation." [3]
After conducting an historical analysis of the origin and purposes of statutes of limitation, Professor Ferguson identifies three possible purposes or interests underlying the statutes of limitations: the public's interest, the plaintiff's interest, and the defendant's interest. Ferguson first concludes that the public's interest in suits being timely brought is valid but not of substantial weight (apart from real property actions):
Of course, the public has an interest that suits be promptly brought and controversy should be ended either by suit or by time. But such a vague value can hardly be weighed in the scales of justice vis-a-vis the interests of the parties. It therefore is difficult to find any persuasive reason to conclude that the statute enacted was for the benefit of the public except as to real property actions where that interest should be given some consideration.[4]
Ferguson next rejects that the plaintiff's interest should be given any significant weight, explaining:
Although the public interest is entitled to be given some weight, it is doubtful that any support can be found for adopting the statutes to compel plaintiffs to sue promptly. If only the plaintiff is considered and the interests of the defendant and public excluded, there is nothing to recommend a coercion for coercion's sake purpose. If plaintiff wished to assume the risk that his witnesses would die or his evidence be lost, it does not seem appropriate to say he cannot run that risk.[5]
Finally, Ferguson identifies the true purpose underlying the statutes of limitations: to protect the defendant's interest.
The only other interest involved is that of the defendant. The defendant, unlike the plaintiff, has no control over the bringing of the action and thus no chanee to avoid the risk of the death of witnesses or the loss of evidence....
[IJt logically appears that the primary purpose of the statutes was to protect defendant against loss of witnesses and evidence and to protect his acts in reasonable reliance on plaintiffs inaction. The public interest was furthered by the protection of the defendant's interest and should not be permitted to override those interests. The interest in fair and equal justice could be served only by assuring defendants that suit would be commenced before witnesses and evidence were lost.... Likewise, the purpose of compelling plaintiff to bring suit is really only valid as it relates to the protection of defendant's interests. Coercion for the sake of coercion is invalid but coercion to protect others from the harm *929 resulting from plaintiff's propensity to delay suit has meaning and is valid.[6]
These considerations are clearly illustrated in the case at bar. The superior court determined that the defendant would be prejudiced by plaintiff's delay in filing suit because a critical witness (an employee who allegedly entered into the oral contract with plaintiff) had not worked for the employer in over three years and had not been located. The plaintiff, appellant herein, does not challenge this ruling and it is supported by affidavits submitted with the defendant's motion for summary judgment. Thus the court was faced with a situation where the plaintiff filed suit, but failed to serve the defendant within the statute of limitations, and then sought to revive its action by relying on the savings statute, even though plaintiff's delay actually prejudiced the defendant's ability to present its defense." [7]
The superior court interpreted the savings statute in light of its purpose, reasoning that its purpose was to provide an exception to the statute of limitations for the diligent plaintiff whose timely action was dismissed without reaching the merits of the action: The court concluded, "In light of the purpose of the statute, a party who wishes to invoke the savings statute to save his action still must be diligent, and diligence requires notice to opposing parties." I believe the superior court's analysis is exactly right and this court is wrong in reversing the superior court.
This court relies on truisms to avoid dealing with the real purposes of the statute of limitations and the savings statute. The court says that the statute's purpose is "to facilitate resolution of suits on the merits," [8] which is to say that its purpose is remedial; that the statute of limitations defense is not favored by the courts;[9] and that it is our general policy to broadly construe rules of procedure to adjudicate disputes on the merits.[10] This is all well and good, but it is neither analytical nor persuasive. As Professor Ferguson explains:
To say, as some courts have, that the statute is remedial is to state the obvious but sheds little light on what it is that is being remedied and why the remedy is appropriate. Others have identified the purpose as being to protect plaintiffs against the loss of their causes of action because of technical matters of procedure and matters of form. This sounds fine but may lead to some questionable extensions where the purpose of the statute of limitations has not been satisfied, e.g., the defendant did not receive notice within the limitation period. Others have said the same thing by concluding it was the purpose of the legislature to insure trial on the merits. This likewise may turn out to be too broad in some instances for failure to look at the purpose of the procedural rule which caused plaintiff's downfall.
[[Image here]]
Some of the courts have, however, looked to the purpose of the statutes of limitations as the savings statutes relate thereto and have looked to see whether or not defendant received notice of the claim within the period of limitations. The position taken by Judge Cardozo in one of the leading and most frequently cited cases, Gaines v. City of New York, stands as strong a beacon to guide others in the interpretation of a saving statute:
The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts.[11]
*930 Because plaintiff in this case was not diligent and failed to give timely notice to the defendant-which predictably caused prejudice to the defendant through loss of a witness and evidence-I conclude that the purposes underlying both the statute of limitations and the savings statute are not advanced by permitting plaintiff to invoke the savings statute to revive its action. I would affirm the superior court's ruling denying the plaintiff its plea to invoke the savings statute.

. Op. at 927 n. 13 (quoting Kulinski v. Medtronic Bio-Medicus, Inc., 577 N.W.2d 499, 504 (Minn.1998) (quoting Gaines v. City of New York, 215 N.Y. 533, 109 N.E. 594, 596 (1915))).

. Op. at 927 n. 13 (citing Wiruiam D. Fercuson, THs Statutes or Limitation Saving Statures 80 (1978) (hereafter Ferguson").

. Ferguson at 5.

. - Id. at 41.

. Id. at 42.

. Id. at 42-44.

. The court attempts to avoid this uncontested finding of prejudice by engaging in its own weighing of the evidence, which is inappropriate for an appellate court to do. Op. at 927 n. 16.

. Op. at 927.

. Id. at 927.

. Id.

. Ferguson at 56-58 (quoting Gaines v. City of New York, 215 N.Y. 533, 109 N.E. 594, 596 (1915) (other citations omitted)).